IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JAY WILLIAMS, AMY WILLIAMS,** § § | |
| § | **CIVIL ACTION NO.  6:23-CV-00287-JCB** |
| **Plaintiffs,** § § | |
| **v.** § § | |
| **FIRST CHOICE LOAN SERVICES, COLONIAL SAVINGS FA,** § § § § | |
| **Defendants.** § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiffs Jay Williams and Amy Williams initiated this action, proceeding pro se, on May 11, 2023. (Doc. No. 3.) Plaintiffs filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 4.) The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiffs have not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

## DISCUSSION

In their complaint, Plaintiffs sue Defendants First Choice Loan Services, Inc., Ranger Title Company, and Colonial Savings for claims of wrongful foreclosure and fraud. (Doc. No. 3.) Plaintiffs allege that on July 10, 2015, they used Ranger Title Company to assist with the purchase of property located at 676 State Highway 198 in Mabank, Texas. (Doc. No. 3, at 3.) Plaintiffs allege that they were given many documents to review, including HUD 1 disclosures, which Plaintiffs now believe to be fraudulent. *Id.* Plaintiffs assert that the original mortgage on the property was secured by the lender through false and misleading statements, including fraud by

non-disclosure. *Id.* at 4. Specifically, Plaintiffs allege that there were several fees charged by the lender that were in violation of the 2013 Integrated Mortgage Disclosure Rule. *Id.* Plaintiff allege that they have paid "false fees" in the amount of $112,548.83. *Id.* at 10. Plaintiffs request that damages be trebled. *Id.*

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1331–32. Federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiffs have not alleged any facts invoking the violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. Rather, Plaintiffs' allegations raise only claims of fraud resulting from the lending process for their personal property. (*See* Doc. No. 3.) These claims, construed liberally, do not invoke any federal question.

Federal subject-matter jurisdiction may alternatively be established based on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. Here, Plaintiffs are alleged to be citizens of Texas. (Doc. No. 3, at 3.) However, Defendants Ranger Title Company and Colonial Savings F.A. are also alleged to be citizens of Texas. *Id.* As such, complete diversity is lacking in this case. "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Accordingly, the court lacks jurisdiction over these claims, and they should be dismissed without prejudice.

## CONCLUSION

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiffs' claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 7th day of December, 2023.**

_JOHN D. LOVE_
UNITED STATES MAGISTRATE JUDGE